Case 2:24-cv-00395-MKD    ECF No. 16    filed 10/30/25    PageID.988    Page 1 of 15

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ALAN T.,[1] <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,[2] <br><br> Defendant. | No. 2:24-CV-00395-MKD <br><br> ORDER AFFIRMING THE COMMISSIONER'S DECISION <br><br> **ECF Nos. 11, 15** |

---

[1] To protect the privacy of plaintiffs in social security cases, the Court identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' briefs. ECF Nos. 11, 15. Jeffrey Schwab and David Lybbert represent Plaintiff. Special Assistant United States Attorney Lori Lookliss represents Defendant. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court affirms the Commissioner's decision.

## JURISDICTION

Plaintiff applied for Title II disability insurance benefits and Title XVI supplemental security income benefits on February 12, 2020, alleging disability beginning September 1, 2014. Tr. 18, 65, 255-262. The applications were denied initially and upon reconsideration. Tr. 65-66, 92-93. An Administrative Law Judge (ALJ) held a hearing on October 25, 2023, Tr. 36-64, and issued an unfavorable decision on November 16, 2023. Tr. 15-35. The Appeals Council denied review on September 20, 2024. Tr. 1-6. Plaintiff appealed this final decision on November 18, 2024. ECF No. 1. The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

ORDER - 2

1158 (9th Cir. 2012) (citations omitted). "Substantial evidence" means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation marks and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation marks and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §§ 404.1502(a), 416.902(a) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* (citation omitted). An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation marks and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

ORDER - 3

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also* § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the

ORDER - 4

claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

ORDER - 5

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is

ORDER - 6

capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since September 1, 2014, the alleged onset date. Tr. 20.

At step two, the ALJ found that Plaintiff had the following severe impairments: seizure disorder; adjustment disorder; and neurocognitive disorder. Tr. 20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 21.

The ALJ then concluded that Plaintiff had the RFC to perform medium work with the following limitations:

> [H]e can never climb ladders, ropes, or scaffolds. He never can work at unprotected heights or ambulate on uneven surfaces. He cannot operate heavy machinery or equipment. [Plaintiff] is able to carry out simple, routine, and repetitive tasks with no detailed work. He can tolerate superficial brief contact with coworkers and the public.

Tr. 23.

At step four, the ALJ found Plaintiff is unable to perform any past relevant work. Tr. 28. At step five, the ALJ found that, considering Plaintiff's age,

ORDER - 7

education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, to include lab equipment cleaner, cleaner II, and hand packager. Tr. 28-29. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date through the date of the decision. Tr. 30.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him benefits. Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the medical opinion evidence; and

2. Whether the ALJ erred at step five.

ECF No. 11 at 2. Although Defendant, in response, argues the ALJ validly discounted Plaintiff's testimony, the Court concludes Plaintiff's opening brief failed to sufficiently raise this as an assignment of error. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity).

## DISCUSSION

**A. Medical Opinion Evidence**

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence.

ORDER - 8

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. §§ 404.1520c, 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s) . . . ." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b).

The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5). Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered. 20 C.F.R. §§

ORDER - 9

404.1520c(b)(2), 416.920c(b)(2). Supportability and consistency are explained in the regulations:

> *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2) (emphases added). The ALJ may, but is not required to, explain how the other factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v.*

ORDER - 10

*Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies.  *Id*.  The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the "ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records."  *Id.* at 792 (citing 20 C.F.R. § 404.1520c(c)(3)(i)–(v)).  However, the ALJ is not required to make specific findings regarding the relationship factors.  *Id.* (citing 20 C.F.R. § 404.1520c(b)(2)).  Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent.  *Id.*

      Plaintiff argues the ALJ improperly discounted three medical opinions.  ECF No. 11 at 8-13.

      *1.  Dr. Fowler*

      Dr. Fowler examined Plaintiff on June 14, 2020, and opined, as relevant here, "regular attendance in a workplace is questionable."  Tr. 684, 687.  The ALJ found this statement "may not constitute a medical opinion, as it did not set forth functional limitations related to maintaining employment.  It also is essentially

ORDER - 11

impossible to evaluate, as there is no indication as to what constitutes 'questionable' ability." Tr. 27. The ALJ reasonably discounted this statement on this ground. *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or 'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ could reasonably conclude these characterizations were inadequate for determining RFC.").

    *2. Dr. Schultz*

Dr. Schultz examined Plaintiff on May 14, 2022, and opined as follows:

> He appears able to complete simple, repetitive tasks, including three step instructions. His symptoms and deficits would likely hinder his ability to react adequately in more complicated situations. Interacting with the general public and superiors would likely be hindered by his symptoms, namely increased anxiety and agitation in these situations. He would have difficulty adapting his routine in a workplace setting to incorporate new functions or processes that are outside his comfort level.

Tr. 742. The ALJ found this opinion "somewhat persuasive." Tr. 27.

Among other reasons, the ALJ discounted the opinion as "difficult to evaluate, as there is no indication as to the extent of purported difficulties." Tr. 27. For the reasons discussed, the ALJ reasonably discounted this vague opinion. Because the ALJ gave at least one valid reason for discounting the opinion, the Court need not address the balance of the ALJ's stated reasons for discounting it.

ORDER - 12

Any inclusion of erroneous reasons was inconsequential and therefore harmless. *See Carmickle*, 533 F.3d at 1162.

      3. *Dr. Snyder*

      Dr. Snyder, Plaintiff's treating provider, authored a medical source statement on September 17, 2020, opining as follows:

> He forgets how to perform simple tasks and is easily frustrated by this. It would be difficult for him to work a job with complex problem solving. He may be able to perform very repetitive tasks. I don't think that he would be able to work with other people given emotional lability. He is sensitive to criticism since he can not [sic] correct his cognition.

Tr. 688. The ALJ discounted the opinion both as offering "little in the way of medical observations" and inconsistent with the record. Tr. 27. In challenging the ALJ's finding, Plaintiff merely argues, without elaboration, that "Dr. Snyder's comment about [Plaintiff's] emotional lability and memory problems is consistent with the record as a whole." ECF No. 11 at 13. Plaintiff bears the burden of showing the ALJ harmfully erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (holding that the party challenging an administrative decision bears the burden of proving harmful error) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)). Here, Plaintiff's argument is a conclusory statement that the ALJ erred, made without elaboration, explanation, or citation to supportive evidence. Plaintiff thus falls far short of meeting his burden to show the ALJ

ORDER - 13

harmfully erred. *See Indep. Towers of Washington v. Washington*, 350 F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. . . . We require contentions to be accompanied by reasons."); *Carmickle*, 533 F.3d at 1161 n.2. The Court thus declines to disturb the ALJ's finding.

**B. Step Five**

Plaintiff argues "the AJ erred with the hypothetical limitations upon which she relied to formulate the opinion that [Plaintiff] is not disabled." ECF No. 11 at 14. This argument is foreclosed because, as discussed above, the ALJ properly evaluated the medical evidence. This restatement of Plaintiff's argument fails to establish error at step five. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008).

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. The District Court Executive is directed to substitute Frank Bisignano as Defendant and update the docket sheet.

2. Plaintiff's Brief, **ECF No. 11**, is **DENIED**.

3. Defendant's Brief, **ECF No. 15**, is **GRANTED**.

ORDER - 14

4. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED October 30, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 15